# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANA VIZCARRONDO-GONZÁLEZ,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE (USDA); et al.,**<br><br>**Defendants.** | **CIVIL NO. 16-2461 (PAD)** |

## OPINION AND ORDER

Delgado-Hernández, District Judge,

Plaintiff Ana Vizcarrondo-González initiated this action against her employer, the U.S. Department of Agriculture ("USDA"), Thomas Vilsack, Secretary of the USDA, and Eliud Rivera, a co-worker, complaining of gender-based discrimination, hostile work environment, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the U.S. constitution, and Puerto Rico law.[1] Rivera seeks dismissal on jurisdictional and plausibility grounds under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 12 at ¶¶ 3-11, 20). Plaintiff opposes dismissal (Docket No. 19). For the reasons explained below, Rivera's motion is GRANTED IN PART and DENIED IN PART.

---

[1] In addition to Title VII, plaintiff invokes the First, Fifth, and Fourteenth Amendments to the U.S. Constitution; Law No. 17 of April 22, 1988, P.R. Laws Ann. tit. 29 §§ 155 et seq.; Law No. 69 of July 6, 1985, P.R. Laws Ann. tit. 29 §§ 1321 et seq.; Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29 §§ 194 et seq.; Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141; and Article II Sections 1, 8, 16 and 20 of Puerto Rico's Constitution (Docket No. 1 at ¶¶ 1, 7, 33-35, 62, 64-66, and 70). Rivera states plaintiff also brought claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA")(Docket No. 12 at ¶ 12). There are no ADEA claims here.

# I.    STANDARD OF REVIEW

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may seek dismissal of an action for lack of subject matter jurisdiction.  When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.  Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).  It is incumbent upon the party asserting jurisdiction to demonstrate its existence.  Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2004).  If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action.  McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

To survive a motion under Rule 12(b)(6), a complaint must allege a plausible entitlement to relief.  Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013).  A determination of plausibility involves a context-specific task that requires courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory legal allegations (which need not be credited).  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).  Should the factual content holistically permit the court to reasonably infer that the defendant is liable for the misconduct alleged, dismissal is not appropriate.  Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010).  If the factual allegations are too conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.  S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010); Rodríguez-Reyes, 711 F.3d at 53.

## II.     DISCUSSION

### A.   Title VII

Plaintiff sued Rivera in his official capacity under Title VII as an agent of the USDA (Docket No. 1 at ¶ 33).  Rivera argues that individual employees are not liable under Title VII, and that the only proper individual defendant for plaintiff's Title VII suit is USDA Secretary Vilsack (Docket No. 12 at ¶¶ 12-14).  He is correct.  There is no individual employee liability under Title VII.  See, Fantini v. Salem State College, 557 F.3d 22, 29-30 (1st Cir. 2009)(so stating).  Moreover, the properly named defendant in any such suit is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c).

Plaintiff is not pursuing a Title VII claim against Rivera in his individual capacity.  And because Rivera was a coworker and not the head of the employing agency, he is not the proper Title VII defendant.  See, Soto v. U.S. Postal Service, 905 F.2d 537, 539 (1st Cir. 1990)(pointing out that in Title VII cases against the Postal Service, the Postmaster General is the only properly named defendant); Torres-Medina v. Department of the Army, 2016 WL 4179885, at *4 (D.P.R. August 4, 2016)(dismissing Title VII claims against all defendants, including individual officials, except the Secretary of the Army).

### B.  State Claims

Plaintiff alleges defendants violated several local provisions: Laws 17, 69, and 115; Article 1802 of the Civil Code; and Sections 1, 8, 16 and 20 of Article II of the Puerto Rico Constitution (Docket No. 1 at ¶¶ 66, 70).[2]  Rivera argues Title VII precludes these claims, for it provides the

---

[2] Plaintiff invokes Law No. 100 as a source of liability in opposing the dismissal motion (Docket No. 19 at pp. 2, 6, and 12).  The Complaint does not, however, assert any such claim.

exclusive remedy for claims of discrimination in the federal workplace (Docket No. 12 at ¶¶ 10, 11 and 15).

Originally, Title VII did not apply to the federal government. See, Brown v. General Services Administration, 425 U.S. 820, 825 (1976)(so noting). This was accomplished by excluding the federal government from the statutory definition of "employer." See, Rodríguez v. United States, 852 F.3d 67, 76 (1st Cir. 2017)(discussing evolution of federal employment coverage under Title VII). In 1972, Congress enacted the Equal Employment Opportunity Act of 1972, Pub. L. No. 92–261, § 11, 86 Stat. 103, 111–13 (codified as amended at 42 U.S.C. § 2000e–16), extending Title VII coverage to federal employees. Id. Rather than amend the definition of "employer" to include the United States, however, Congress enacted a new section of Title VII exclusively applicable to the federal government. See, Rodriguez, 852 F.3d at 77 (recognizing enactment).

The provision has been accorded preclusive effect as the exclusive judicial remedy for claims of discrimination in federal employment. See, Brown, 425 U.S. at 834-835 (acknowledging Title VII's preemptive effect in connection with other federal statutes); Day v. Wayne County Bd. of Auditors, 749 F.2d 1199, 1204 (6th Cir. 1984)(("[A] federal employee claiming job discrimination may proceed only under Title VII and may not secure additional remedies by proceeding also under § 1981"); White v. Gen. Services Administration, 652 F.2d 913, 916-917 (9th Cir. 1981)(concluding that congressional intent underlying § 2000e-16 was to create an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination and to that extent, dismissing claims against individual defendants under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 2000(d), and the Constitution).

From this baseline, courts have focused on, and addressed the interplay of Title VII with state provisions in the context of attempts to impose individual liability upon federal employees. In Pfau v. Reed, 125 F.3d 927, 934 (5th Cir. 1997), the Fifth Circuit upheld the dismissal of an intentional infliction of emotional distress claim against plaintiff's supervisor in his individual capacity, observing that "Title VII's preemptive effect as to claims against individual supervisors is coextensive with its preemptive effect as to claims against federal agencies."[3]  In Mathis v. Henderson, 243 F.3d 446, 450-451 (8th Cir. 2001), the Eighth Circuit upheld the dismissal of various state claims against plaintiff's supervisor, concluding that Title VII is the exclusive remedy available to a plaintiff using the same factual allegations to support both a Title VII claim against the employer and state claims against her supervisor in his individual capacity.  See also Fusco v. Cohen, 1998 WL 167299, * 3 (N.D. N.Y. April 3, 1998)(concluding that Title VII claim preempted state-law claim for intentional infliction of emotional distress where plaintiff "allege[d] the same factual basis for" both claims).

Going a step further, some courts have distinguished between claims based solely on discrimination and claims based on a violation of a different nature.  To that end, the court in Wallace v. Henderson, 138 F.Supp.2d 980, 986 (S.D. Ohio 2000) found no indication that the Supreme Court "intended to preclude plaintiffs from bringing claims which, albeit based on the same facts and circumstances as the Title VII claim, are based on a violation of a distinct and independent right."  Id. at 986.  So, it dismissed both a retaliation claim under Ohio law, and a state law intentional infliction of emotional distress claim to the extent the claim sought redress

---

[3] The Supreme Court granted certiorari in Pfau, vacated the judgment, and remanded to the Fifth Circuit for "further consideration" in light of two recent Supreme Court decisions.  See, Pfau v. Reed, 525 U.S. 801 (1998).  On remand, the Fifth Circuit "reinstate[d]" the part of its original decision referred to here.  See, Pfau v. Reed,167 F.3d 228, 229 (5th Cir. 1999) cert. denied, 528 U.S. 813 (1999).

for emotional distress resulting from retaliation in the workplace. Id. But it allowed an intentional infliction of emotional distress claim to go forward against individual defendants to the extent the claim was based on a "highly personal injury" encompassing a variety of harassing conduct that included death threats, threats of serious injury and stalking, reasoning that those acts went beyond discrimination or retaliation. Id. Likewise, the court in Kibbe v. Potter, 196 F.Supp.2d 48, 69-71 (D. Mass. 2002) rejected Title VII exclusivity arguments as to plaintiff's common law claims for assault and intentionally infliction of emotional distress against a defendant co-worker, noting, among other things, that Title VII does not preclude claims based on harms involving more than discrimination such as defamation, assault and battery.[4]

On these formulations, Title VII precludes all of the state claims except the one raised under Article 1802 of the Civil Code. Like Title VII, Law 69 deals with discrimination in employment on the basis of sex or gender. See, P.R. Laws Ann. tit. 29 § 1323. Law 69 discrimination claims are analyzed as Title VII claims. See, Pérez-Maspons v. Stewart Title Puerto Rico, Inc., 208 F.Supp.3d 401, 423 (D.P.R. 2016)(noting substantive alignment between Title VII and Law 69). Law 17 is specific as to sexual harassment. See, P.R. Laws Ann. tit. 29 § 155-155m. Sexual harassment claims brought under Law 17 and Title VII are essentially the same. See, Godoy v. Maplehurst Bakeries, Inc., 747 F.Supp.2d 298, 317 (D.P.R. 2010)(so noting). In line with Title VII, Law 115 prohibits retaliation in the workplace. See, Vélez v. Jansson Ortho, LLC, 467 F.3d 802, 809 (1st Cir. 2006)(focusing on symmetry between Title VII and Law 115;

---

[4] Puerto Rico follows a similar approach. See, Santana-Colón v. Houghton Mifflin, 81 F.Supp.3d 129, 141 (D.P.R. 2014)(dismissing claim brought under Puerto Rico's general tort statute because the remedies available to the employee for violation of labor statutes are those set in the statute prohibiting the conduct complained of, and the pleadings did not reflect tortious conduct distinct from that covered by the specific labor laws that plaintiff invoked); Rivera v. Security National Life Insurance Co., 106 D.P.R. 517, 527 (1977)(remedial exclusivity bars employer liability unless plaintiff demonstrates tortious conduct other than violation of labor statutes).

Feliciano v. Sheraton Old San Juan, 182 D.P.R. 368, 395-396 (2011)(recognizing correspondence between Title VII and Law 115).  And the Constitution-based claims are but a restatement of the basic discrimination – harassment – retaliation themes brought forth under Title VII.[5]  As such, all of the state claims are substantively addressed in the Title VII action, and may not be independently pursued.

As for Article 1802 of the Civil Code,[6] plaintiff claims that "she was physically assaulted by Rivera when he deliberately brushed his hand over her back and buttocks on January 14, 2016…" (Docket No. 19 at p. 22).  To this end, the complaint alleges that Rivera snatched his jacket, which was draped over a chair where plaintiff was sitting on, and as he did so, brushed his hand over her back and buttocks (Docket No. 1 at ¶ 59).  It states plaintiff was unaware that she was sitting on Rivera's jacket when he yanked it "without her permission and consent."  Id.  The underlying harm may be independent from those involved in employment discrimination and retaliation.  If so, the Article 1802 action would survive Title VII preclusion.  Rivera did not reply

---

[5] Apart from the Title VII preclusive effect discussed above, any claim under Section 20 of the Puerto Rico Constitution would fail for the additional reason that this Section has no binding legal effect.  On July 20, 1950, Congress enacted Public Law 600 to, among other things, authorize Puerto Rico to enact a Constitution for congressional approval.  See, Pub. L. 81-600, 64 Stat. 314 (codified at 48 U.S.C. §§ 731b-731e), P.R. Laws Ann. tit. I, Miscellaneous Provisions, P.L. 1.  In 1952, a Constitution -adopted by the Constitutional Convention organized in accordance with congressional authorization and approved in a referendum- was presented to the President of the United States.  See, Suárez-Torres v. Sandia, LLC, 2017 WL 590307, *3 (D.P.R. Feb. 14, 2017)(describing event).  The text included Section 20.  See, P.R. Laws Ann. tit. I, Constitution, Art. II § 20.  But Congress rejected the Section.  See, Sandia, LLC, 2017 WL 590307 at *3 (so noting).  In turn, the Constitutional Convention of Puerto Rico accepted all of the congressional conditions for approval of the Constitution.  Id.  As a result, Section 20 is not a source of binding obligations or liability.  See, Domínguez Castro v. E.L.A., 178 D.P.R. 1, 75-76 (2010)(discussing effect of congressional veto of Section 20).

[6] Article 1802 provides that a person who by an act or omission causes damages to another through fault or negligence shall repair the damage so done.  P.R. Laws Ann. tit. 31 § 5141.

Vizcarrondo v. USDA, et al.
Civil No. 16-2461 (PAD)
Opinion and Order
Page 8

to this line of argument.[7]  In consequence, the court will allow the action to move past the pleadings

stage.[8]

## C. Bivens Claims

Plaintiff alleges defendants are liable to her under the First, Fifth, and Fourteenth

Amendments to the U.S. Constitution (Docket No. 1 at ¶ 65).[9]  She contends those violations

occurred as she was "discriminated against on the basis of her sex and retaliated against because she

lodged employment grievances with her employer due to … Rivera's sex discrimination against

her," and asks for imposition of liability on the authority of Bivens v. Six Unknown Named Agents

of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See, Docket No. 1 at ¶ 65, Second Cause of

Action.

In Bivens, the Supreme Court held that a Fourth Amendment violation by federal agents,

acting under color of governmental authority, gave rise to a cause of action for money damages

against those agents in their individual capacities despite the absence of explicit statutory

authorization for such suits.  Id. at p. 389.  The action runs against individual government agents, not

against agencies of the federal government or federal officials sued in their official capacities.  See,

---

[7] Rivera broadly argued that the Federal Tort Claims Act bars the Article 1802 claim because the "United States, as a sovereign, is immune from suit…" (Docket No. 19 at p. 3).  The FTCA covers tort claims that stem from the conduct of federal employees who would otherwise be liable for negligent or wrongful acts done in the scope of their employment.  See, 28 U.S.C. § 1346(b)(1); Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010)(analyzing "scope of employment" for purposes of FTCA).  Rivera did not, however, discuss whether the actions for which he is being sued are within the "scope of employment" for purposes of FTCA coverage or fall outside the purview of the FTCA.  See, 28 U.S.C. § 2680(h)(observing that Section 1346 does not apply to claims arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights).  Defendants may develop the argument subsequently in the litigation.

[8] For a general discussion of assault and battery as modalities of intentional torts in common law and Puerto Rico, see I Herminio M. Brau, Los Daños y Perjuicios Extracontractuales in Puerto Rico (1986) at pp. 82-91.

[9] Beyond the Title VII preclusion issue to be discussed below, assertion of the Fourteenth Amendment as a source of liability lacks foundation.  The Amendment applies to states, not the federal government or individual federal employees.  See, San Francisco Arts & Athletics, Inc. v. United States Olympic Committee, 483 U.S. 522, 542, n.21 (1987)(Fourteenth Amendment applies to actions by a State); Hall v. Mueller, 84 Fed.Appx. 814, 815-816 (9th Cir. 2003)(Fourteenth Amendment does not apply to federal government actors); Akers v. Watts, 740 F.Supp.2d 83, 95 & n.5 (D.D.C. 2010)( Fourteenth Amendment does not apply to the federal government).

Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(so observing).  Its boundaries are hazy.  See,

González v. Vélez, 2017 WL 3124431, *5 (1st Cir. July 24, 2017)(so recognizing).  But the Supreme

Court made plain in its most recent term, its reluctance to extend the Bivens doctrine to new settings.

Id. (citing Hernández v. Mesa, 137 S. Ct. 2003, 2006 (2017) and Ziglar v. Abbasi, 137 S. Ct. 1843,

1857 (2017)).

    From this perspective, there is no justification for implying a Bivens-type remedy to address

acts of discrimination in the federal workplace.  At the end of the day, those acts are covered by a

comprehensive remedial network that includes Title VII, which is fully capable of protecting federal

employees.  Id. at p. 8 (acknowledging Title VII's role in dismissing Bivens claim brought together

with a federal-sector employment discrimination action).  So, plaintiff's federal constitutional claims

fail.  See, Tamayo v. U.S. Dept. of Lab., 129 F.3d 127, 1 (9th Cir. Nov. 6, 1997)(holding Bivens

claims precluded because Title VII provides exclusive judicial remedy for claims of discrimination

in federal employment); Pérez v. Federal Bureau of Investigation, 71 F.3d 513, 515 (5th Cir.

1995)(concluding there is no federal jurisdiction to address a Bivens claim raised by a federal

employee in an employment discrimination case because Title VII provides both the exclusive cause

of action and the remedy for federal employees who wish to assert claims of employment

discrimination); Kwatowski v. Runyon, 917 F.Supp. 877, 888 (D.Mass.1996)(refusing to imply a

Bivens action to redress conduct actionable under Title VII).

### III.    CONCLUSION

    In view of the foregoing, Rivera's motion to dismiss is GRANTED IN PART and DENIED

IN PART.  The proper federal official defendant under Title VII is the head of the agency, not

Rivera.  Federal constitutional claims may not be asserted against Rivera on the authority of

Bivens, for Title VII precludes them.  For the same reason, the Puerto Rico constitutional claims,

as well as those brought pursuant to Law Nos. 17, 69, and 115 fail.  However, the Article 1802

claim regarding the jacket incident (Docket No. 1 at ¶ 59), remains.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of July, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge